UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACKQUELLA JONES, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 1:22-cv-00159-DRL-SLC |
| GENERAL MOTORS LLC, | ) ) ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Quash Attorney Lien (ECF 52) filed by Plaintiff on August 14, 2023. For the following reasons, the motion will be GRANTED.

*A. Factual and Procedural Background*

Attorneys Deidra Haynes and Stephanie Colombo ("counsel") entered their appearance on behalf of Plaintiff in this matter on January 28, 2022, and April 21, 2022, respectively. (ECF 2, 16). On July 11, 2023, Haynes filed a motion to withdraw as attorney of record for Plaintiff. (ECF 44).[1] The Court held a telephonic hearing on the motion to withdraw on July 20, 2023, during which Plaintiff orally advised that she was retaining new counsel. (ECF 48). The Court granted the motion and counsels' appearances were withdrawn. (*Id.*). On August 14, 2023, Attorney Haynes filed a Notice of Attorney's Lien for $43,945 (ECF 50), which Plaintiff seeks to quash in the instant motion (ECF 52).

The Notice of Attorney's Lien (ECF 50) filed by Haynes intended to give notice to the Court and the parties of the unpaid attorney's fees against any settlement or judgment rendered in

---

[1] While the motion to withdraw was filed by Haynes and only referenced counsel Haynes, the attached notice of intent to withdraw sent to Plaintiff (ECF 44-1) and the proposed order titled "Amended Order of Withdrawal of Appearance" (ECF 44-3) reflect that both Haynes and Colombo sought to withdraw their appearance as Plaintiff's counsel.

Plaintiff's favor. In support of the lien, Haynes alleged that Plaintiff owes counsel $43,945 in attorney's fees.

In her motion to quash, Plaintiff, now represented by Attorney John Panico (*see* ECF 51), argues that Haynes's notice of lien is invalid, and therefore requests that it be quashed. (ECF 52). Haynes (or Defendants) have not filed a response to the motion to quash, and their time to do so has passed. N.D. Ind. L.R. 7-1(d)(3). Accordingly, the motion to quash is now ripe for adjudication.

### *B. Applicable Legal Standard*

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." *Holly v. Rent-A-Ctr.*, No. IP 00-580-C-Y/F, 2000 WL 1134536, at *1 (S.D. Ind. Aug. 9, 2000) (citation omitted). Indiana law recognizes two kinds of attorney's liens: a "retaining" lien and a "charging" lien. *Id.* (citing *State ex rel. Shannon v. Hendricks Cir. Ct.*, 183 N.E.2d 331 (Ind. 1962)).

"A retaining lien is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due to him for professional services is paid," and it "exists as long as the attorney retains possession of the subject matter." *Iqbal v. Patel*, No. 2:12-CV-56, 2017 WL 6629399, at *1 (N.D. Ind. Dec. 29, 2017).

In contrast, "[a] charging lien is the equitable right of attorneys to have the fees and costs due to them for services in a suit secured out of the judgment or recovery in that particular suit." *Id.* (citing *Bennett v. NSR, Inc.,* 553 N.E.2d 881, 884 (Ind. Ct. App. 1990)). The charging lien "is not dependent on possession, . . . . [but] is based on natural equity—the client should not be allowed to appropriate the whole of the judgment without paying for the services of the attorney who obtained it." *Miller v. Up in Smoke, Inc.*, No. 1:09-cv-242, 2011 WL 3022402, at *2 (N.D. Ind., July 22, 2011) (alterations in original) (citing 23 Richard A. Lord, Williston on Contracts § 62:11).

In most states, a charging lien rests entirely on statutes. *Iqbal*, 2017 WL 6629399, at *1 (citation omitted). Indiana Code § 33-43-4-1, the charging lien statute, provides that "[a]n attorney . . . may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." An attorney is entitled to a lien if, "not later than sixty days after the date the judgment is rendered, [he] enters in writing upon the docket his intention to hold a lien on the judgment, along with the amount of his claim." *Miller*, 2011 WL 3022402, at *2; Ind. Code § 33-43-4-2. "Similar to a mechanic's lien, [Indiana Code § 33-43-4-1] authorizes a lien upon something created or recovered for the client by his attorney." *Stroup v. Klump-O'Hannes*, 749 N.E.2d 622, 625 (Ind. Ct. App. 2001) (citation omitted). Therefore, a charging lien "is a partial assignment of the judgment from the client to the attorney." *Id*.

### C. Discussion

Plaintiff alleges that Haynes's notice of lien appears to be a charging lien because the notice of lien does not claim to relate to any possession of Plaintiff's property. (ECF 52 at 2). Plaintiff further states that such lien cannot be entered because a judgment has not yet been recorded. (*Id.* 2-3 (citing *Iqbal*, 2017 WL 6629399, at *1)).

The Court agrees. *See Lymon v. UAW Loc. Union #2209*, No. 120-cv-00169-HAB-SLC, 2023 WL 2158410, at *2 (N.D. Ind. Feb. 22, 2023) (concluding the notice of lien was premature because a judgment had not yet been entered when the attorney filed a charging lien). Here, the lien filed by Haynes appears to be a charging lien because she does not claim to have the right "to retain possession of [Plaintiff's] documents, money, or other property which [came] into [counsel's] hands" professionally. *Iqbal*, 2017 WL 6629399, at *1. Additionally, although the parties filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF 55), the Court has not

3

yet entered a judgment, and thus, the notice of lien is premature. Lastly, Plaintiff's motion to quash is unopposed. Therefore, the Court will grant Plaintiff's motion to quash.[2]

### D. Conclusion

In conclusion, Plaintiff's Motion to Quash Attorney Lien (ECF 52) is GRANTED. The Notice of Attorney's Lien filed by Haynes (ECF 50) is deemed invalid.

SO ORDERED.

Entered this 31st day of August 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[2] While Plaintiff does not offer any basis for quashing the notice of attorney lien, several courts in this Circuit have granted motions to quash attorney liens, notably when the lien was found invalid. *See*, *e.g.*, *Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717 (7th Cir. 2013) (affirming district court decision to grant motion to quash attorney lien and acknowledging that such order had the effect of an injunction); *Matthews v. Homecomings Fin. Network, Inc.*, 264 F. App'x 536, 538 (7th Cir. 2008) (concluding "the district court properly quashed any purported interest Bilal had in a statutory lien" when counsel failed to properly serve the attorney lien); *Collazo v. Forefront Educ., Inc.*, No. 08-cv-5987, 2011 WL 5191014, at *2 (N.D. Ill. Oct. 27, 2011) ("In order to grant Plaintiff's Motion to Quash, the lien must be found invalid.").