IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

| | |
|---|---|
| JACKQUELLA JONES, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:22-cv-00159-DRL-SLC |
| GENERAL MOTORS, LLC, ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant General Motors LLC ("Defendant" or "GM"), by and through its counsel, respectfully moves this Court for an order enforcing the settlement agreement between the parties. In support of this Motion, Defendant states as follows:

### FACTUAL BACKGROUND

1. In the course of this litigation, the parties have engaged in settlement discussions, which resulted in the resolution identified in Plaintiff's former counsel's Amended Motion to withdraw her appearance on behalf of Plaintiff. (Declaration of Bonnie L. Martin ("Martin Dec."), ¶ 2; Doc. 44, ¶¶ 5, 6)

2. Specifically, on June 12, 2023, Plaintiff's former counsel, Deidra Haynes, e-mailed the undersigned stating: "My client has responded and stated that she would like to ACCEPT the offer at [settlement amount] with language indicating that this settlement agreement will not have any negative consequences on any settlement regarding her workers compensation claim for her knee and wrist injury…." (emphasis in original) (Martin Dec., ¶ 3, Ex. 1)

3. Ms. Haynes requested the written settlement agreement, which was provided on that same date, including the requested terms. (Martin Dec., ¶ 4, Exs 1-2)

4. After the undersigned followed up with Ms. Haynes regarding the status of the signed agreement, on June 14, 2023, Ms. Haynes informed the undersigned: "Unfortunately, Jackie changed her mind because she does not want to lose 24 years of working for GM without GM allowing her to get her retirement. I guess we are back to square one." (Martin Dec., ¶ 5, Ex. 1)

5. On June 27, 2023, the undersigned e-mailed Ms. Haynes, attempting to address Ms. Jones' apparent concerns about her retirement, and also stated: "In any event, Ms. Jones already accepted GM's offer per your e-mail below, and the parties have an enforceable agreement…." (Martin Dec., ¶ 6, Ex. 1)

6. On July 3, 2023, Ms. Haynes confirmed to the undersigned via telephone that Plaintiff had agreed to the terms of the settlement. (Martin Dec., ¶ 7) *See also* Doc. 44, ¶5-6.

7. Plaintiff has not signed the settlement agreement. (Martin Dec., ¶ 8)

8. Plaintiff's counsel has confirmed that Plaintiff opposes this Motion.

## **LEGAL ANALYSIS**

9. District courts are "given the power to implement a settlement agreement between the parties" as it "inheres in the district court's role as supervisor of the litigation." *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). Indiana law governs the enforceability of a settlement agreement. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (agreement to settle federal claim enforceable under state law like any other contract); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) (holding that state law governs whether to enforce a settlement in a federal lawsuit).

10. "Indiana strongly favors settlement agreements." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) (emphasis added). "[I]t is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.*

11. Under Indiana law, the basic requirements of a contract include offer, acceptance, consideration, and meeting of the minds of the contracting parties. *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011). "In determining whether a contract is enforceable, there must be an 'intent to be bound and definiteness of terms.'" *Sapp Family, LLC v. AMCO Ins. Co.*, Case No. 1:14-cv-01200-RLY-DML, 2015 WL 4133959, *1 (S.D. Ind. July 8, 2015) (quoting *Wolvos v. Meyer*, 668 N.E.2d 671, 675 (Ind. 1996)). Only essential terms need to be included in the agreed upon contract in order to render it enforceable. *Sands*, 945 N.E.2d at 180.

12. It is also well-settled that a party's refusal to sign a document memorializing an agreed upon settlement, however, does not invalidate the agreement. *See Neuroptics, Inc. v. Brightlamp, Inc.*, Case No. 1:19-cv-04832-JMS-MG, 2021 WL 4223208, *7 (S.D. Ind. Sept. 16, 2021) (enforcing settlement agreement contained in parties' e-mails); *Hampton v. ITT Communs. Sys. Div.*, Case No. 1:10 CV 291, 2012 WL 2064510, **7-8 (N.D. Ind. June 7, 2012) (settlement enforced despite plaintiff's refusal to sign document memorializing the agreement); *Pohl v. United Airlines, Inc.*, 110 F. Supp. 2d 829, 840 (S.D. Ind. 1999) (same).

13. Under Title VII, in addition to complying with Indiana contract law, any settlement agreement must be "knowing and voluntary" under federal law. *See Dillard*, 483 F.3d at 507.

14. Whether a settlement of an employment discrimination claim was entered into "knowingly and voluntarily" is determined by the "totality of the circumstances." *Id.*

15. However, a settlement agreement is presumptively knowing and voluntary where the plaintiff was represented by chosen counsel throughout negotiations and settlement, absent circumstances such as fraud or duress." *Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007). A plaintiff cannot overcome this presumption by claiming attorney misconduct. *Id.* "If an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping [a] suit alive merely because

3

plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962)).

16. Clearly, this agreement satisfies the requirements of an enforceable contract under Indiana law: offer, acceptance, consideration, and meeting of the minds of the contracting parties. The essential terms of the contract were clearly set forth in the email exchange between the parties, and there is no ambiguity of the terms. (Martin Dec., Exs. 1-2)

17. Plaintiff's intent to be bound by this agreement was clearly manifested by her attorney, Ms. Haynes, who stated the offer was "ACCEPTED."

18. Despite Plaintiff's attempt to back out of the agreement, a change of heart is not a basis for getting out of an enforceable settlement agreement and Defendant is entitled to enforce the bargain struck by the parties. *See Newsom v. Allen County Sheriff*, Case No. 1:16-CV-434, 2020 WL 1184784, *2 (N.D. Ind. Mar. 12, 2020) (enforcing settlement agreement, noting "a party who has previously authorized a settlement remains bound by its terms even if he changes his mind"); *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 863 (7th Cir. 1986) ("[A] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement is insufficient."); *Sands*, 945 N.E.2d 176 ("[I]f a party agrees to settle a pending action, but then refuses to consummate the settlement agreement, the opposing party may obtain a judgment enforcing the agreement.")

19. Indiana strongly favors the enforcement of settlement agreements. The parties entered into an enforceable settlement agreement on June 12, 2023, and Defendant is entitled to enforce the parties' agreement.

WHEREFORE, Defendant General Motors LLC respectfully requests that the Court enforce the settlement agreement between the parties, and all proper relief.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

*s/ Bonnie L. Martin*
Bonnie L. Martin, Attorney No. 20248-18
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
*bonnie.martin@ogletree.com*

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2023, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

John Robert Panico
Panico Law LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
Panico.avoue@gmail.com

*s/ Bonnie L. Martin*
Bonnie L. Martin